IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST
William John CONNELL, a/k/a William J.
Connell, Attorney at Law.

Supreme Court

*No. 86–1305-D. Filed March 5, 1987.*

(Also reported in 401 N.W.2d 561.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney William John Connell be publicly reprimanded for unprofessional conduct consisting of his failure to maintain complete records of client funds coming into his possession and to render appropriate accounts thereof, his failure to promptly pay to his client funds to which it was entitled and his failure to furnish information to the Board of Attorneys Professional Responsibility (Board) during its investigation of this matter. We

determine that a public reprimand is appropriate discipline under the circumstances.

Attorney Connell was admitted to practice law in Wisconsin in 1959 and practices in Milwaukee. He was not previously the subject of an attorney disciplinary proceeding. The referee is Attorney Rudolph P. Regez.

Following a hearing, the referee found that in 1983 Attorney Connell had been hired by a financial institution to act as closing agent and fiduciary for real estate transactions in which the institution was the lender. Attorney Connell was retained to review title insurance policies and receive from the institution monies from which he was to make disbursements for payment of taxes, special assessments, mortgage satisfactions, surveys and insurance premiums. The financial institution learned that Attorney Connell had not made a number of payments, totaling $21,587.18, in connection with loan closings. The institution then brought an action to recover those funds, a default judgment was entered, and Attorney Connell satisfied it with checks drawn on his attorney trust account.

The referee found that during all relevant times, Attorney Connell's trust account balances substantially exceeded the amount needed to satisfy the claims of the financial institution. Further, in several instances Attorney Connell had issued trust account checks in payment of items included in the institution's claim but those checks were not promptly negotiated; in one case, a check in the amount of $1,481.81 dated March 18, 1985 and payable to the institution had not been cashed as of December 6, 1986, the last day of the disciplinary hearing in this proceeding.

In addition, the referee found that, during its investigation of Attorney Connell's alleged misconduct, the Board made several demands upon him for information, and he failed to supply that information. Counsel for the Board made similar demands for information prior to the Board's filing the disciplinary complaint, but Attorney Connell did not respond.

The referee concluded that Attorney Connell's failure to maintain complete records of funds coming into his possession and to render appropriate accounts to his client violated SCR 20.50(2)(c). His failure to promptly pay or deliver to the client funds to which it was entitled violated SCR 20.50(2)(d). Finally, Attorney Connell's failure to furnish information to the Board during its investigation of his alleged misconduct violated SCR 22.07(3).

In making his recommendation for a public reprimand, the referee stated that there was no evidence that Attorney Connell had converted any client funds or that he had misused those funds in any respect. Further, there was no evidence of any deceit or attempt by Attorney Connell to conceal his conduct in the matter.

We adopt the referee's findings of fact and conclusions of law, and we accept his recommendation for discipline. Because there was no conversion or misuse of client funds and because there were at all relevant times sufficient funds in Attorney Connell's trust account to make the required payments on behalf of the client, a suspension of Attorney Connell's license to practice law is not warranted. We determine that a public reprimand is appropriate discipline for Attorney Connell's misconduct in the matter.

IT IS ORDERED that Attorney William John Connell is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney William John Connell pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of William John Connell to practice law in Wisconsin shall be suspended until further order of the court.

BABLITCH, J., did not participate.